In re Motion for Pro Hac Vice Admission of Edward SWARTZ, James Swartz, and Rafael P. McLaughlin to Represent William R. Cinquini, III and Trudy White before the Superior Court.

No. 01–347–M.P.

Supreme Court of Rhode Island.

Oct. 19, 2001.

William G. Savastano, North Smithfield.

**O R D E R**

The motion of Massachusetts attorneys Edward Swartz, James Swartz, and Rafael P. McLaughlin for admission *pro hac vice* to represent William R. Cinquini, III and Trudy White in an action to be commenced in the Superior Court was considered by this Court in conference on October 17, 2001. While we are inclined to grant the motion, we observe that Supreme Court Article II, Rule 9, as supplemented by this Court's Provisional Order No. 19, requires each attorney seeking *pro hac vice* admission in a case to file with this Court a separate petition for such admission and to pay a separate filing fee therefor. Accordingly, upon consideration of the present motion, we hereby grant the motion as to petitioner Edward Swartz, and we direct that petitioners James Swartz and Rafael P. McLaughlin file their own separate petitions for *pro hac vice* admission. Upon the filing of such petitions, the motions for *pro hac vice* admission will be deemed granted in accordance with this Order.

In re Motion Pro Hac Vice Admission of Michael J. SOLTIS and David P. Powilatis in Rhode Island Commission for Human Rights Proceeding Captioned H. Terrence Chapman v. The Viking Hotel Corporation, RICHR File No. 00 EPH 081–04/04, EEOC No. 16JA00018.

Nos. 01–403–M.P., 01–404–M.P.

Supreme Court of Rhode Island.

Oct. 26, 2001.

Anthony J. DiOrio, White Plains, NY.

Richard J. Savage, Warwick.

**O R D E R**

Petitioners David P. Powilatis and Michael J. Soltis, members of the Connecticut bar, seek admission *pro hac vice* to serve as counsel for Viking Hotel in the above-captioned case pending before the Rhode Island Commission for Human Rights (the commission). This petition was filed here on advice of the commission, despite the commission's own rule permitting "out of state" attorneys to practice before that tribunal.

Upon consideration thereof, we hereby grant the *pro hac vice* petitions in this case. In taking this action, however, we reiterate for counsel our admonition as stated in *In Re Ferrey*, 774 A.2d 62 (R.I. 2001), that this Court "has exclusive and ultimate authority to determine who may, and may not be permitted to practice law in this state," whether before a Court or "before any municipal or state agency, board or commission." (See *In Re Ferrey, supra*, 774 A.2d, at p. 64–65.)